**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | | |
|---|---|---|
| ANNE CORR, *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. AW-06-2836 |
| | * | |
| JERRY D. WEAST, *et al.*, | * | |
| | * | |
| Defendants. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM OPINION**

On October 27, 2006, Plaintiffs Anne Corr (the "Child") and her parents Edgar and Nancy Corr (the "Parents") filed a Complaint under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400, *et seq.*, against Superintendent Jerry D. Weast and the Montgomery County Board of Education (collectively, the "School Board"). The Complaint is an appeal of the May 1, 2006 Decision and Order of Administrative Law Judge Yolanda L. Curtin ("ALJ"), which denied the Parents request to have the Child placed in a residential program. The case is now before the Court on Cross Motions for Summary Judgment (Paper Nos. 11 and 13). On August 24, 2007, the Court held a telephonic hearing on the motions with counsel for the parties. For the reasons stated below, the Court will reserve ruling on the motions at this time. Instead, the Court will direct the parties to provide additional evidence on the issues stated herein.

**FACTUAL BACKGROUND**

The Child is a fifteen-year-old girl with multiple and pervasive disabilities that include autism, mental retardation and cerebral palsy. For the past five years, the Child has been educated pursuant to annual identification, evaluation, or placement plans ("IEP") developed by committees comprised of education professionals, the Parents, and representatives from the School Board. Each

1

IEP has included annual goals and short-term objectives in areas critical to the Child's education. However, since she arrived at St. Coletta[1] (the current placement), the goals and objectives on the Child's IEPs have remained essentially the same from year to year, without any indication that the services would make the goals attainable. The parties agree that the Child has not met any of her educational goals and that she has not made overwhelming progress at her current placement. *ALJ Decision* at 41.

Finally, at the 2005-2006 IEP meetings, the Parents requested that she be placed at the Benedictine School ("Benedictine"), a private, residential placement in which the Child could receive all of her special education services in a 24-hour residential setting. After the IEP team refused to place the Child at Benedictine, the Parents filed an administrative appeal, requesting placement at Benedictine. The parties do not dispute that the Child is eligible under federal and state law to receive a free appropriate public education ("FAPE"). There is also no dispute that the School Board has complied with the procedural requirements of IDEA. Therefore, the issues before the ALJ were twofold: 1) whether the Child has made "meaningful educational progress" at St. Coletta, and 2) whether the Child requires residential placement at Benedictine. On May 1, 2006, the ALJ issued her Decision and Order denying the Parents' request to have the Child placed at Benedictine at the expense of the School Board. Furthermore, the ALJ found that the Child had "made meaningful educational progress during her years at St. Coletta commensurate with her cognitive ability." *ALJ Decision* at 72.

## STANDARD OF REVIEW

---

[1] St. Coletta is an 11-month private day school located in Washington, D.C. that services the educational needs of children with autism and mental retardation.

In reviewing IDEA cases, the Fourth Circuit has instructed courts in this Circuit "to make an independent decision based on a preponderance of the evidence, while giving due weight to state administrative proceedings." *Doyle v. Arlington County School Bd.*, 953 F.2d 100, 103 (4th Cir. 1991). "If the administrative findings were made in a regular manner and have evidentiary support, they are to be considered *prima facie* correct. If the court chooses not to follow the administrative findings, it must explain its departure." *Cavanagh v. Grasmick*, 75 F. Supp. 2d 446, 457 (D. Md. 1999). After giving the ALJ's factual findings due weight, the court is free to decide the case based on the preponderance of the evidence. *See Doyle*, 953 F.2d at 103; *see also* 20 U.S.C. § 1415(i)(2)(B). The Court's bounded independent review of the evidence does not entitle the Court to "substitute [its] own notions of sound educational policy for those of the school authorities." *Board of Education v. Rowley*, 458 U.S. 176, 206 (1982). However, affording the administrative findings "due weight" does not amount to rubber stamping or an "abdication of [the Court's] judicial function." *See Nein v. Greater Clark County Sch. Corp.*, 95 F. Supp. 2d 961, 965 (D. Ind. 2000).

## **ANALYSIS**

The Court is aware and the parties agree that the burden of proof in this case is on the Parents, and that the Parents must show by a preponderance of the evidence that the Child has been denied a FAPE. This is an onerous burden for the Parents because, absent some showing of irregularity in the fact-finding process, the ALJ's findings are to be given a presumption of *prima facie* correctness. *Cavanagh*, 75 F. Supp. 2d at 457. There is no evidence before the Court that suggests anything but a regular fact-finding process in this case. However, the unique circumstances of this case compels the Court to look deeper into the ALJ's findings. Pursuant to the Court's obligation to independently review whether the School Board has complied with IDEA, the Court

is permitted to hear additional evidence. "Whether to allow additional evidence under § 1415(e)(2) 'must be left to the discretion of the trial court which must be careful not to allow such evidence to change the character of the hearing from one of review to a trial *de novo*.'" *Avjian v. Weast*, 2007 U.S. App. LEXIS 16689, 8-9 (4th Cir. 2007) (citing *Town of Burlington v. Dep't of Educ.*, 736 F.2d 773, 791 (1st Cir. 1984)).

This is not a case where the handicapped student has failed to master *som*e of the IEP goals during one school term. Instead, the parties agree that the Child in this case has not achieved *any* of her goals over the five years she has been placed at St. Coletta. Despite the Child's non-achievement of goals, in her Decision and Order, the ALJ found that the Child had "made meaningful educational progress during her years at St. Coletta commensurate with her cognitive ability." *ALJ Decision* at 72. The record indicates that the Child has made some progress in certain areas but has regressed in other areas. Therefore, there is evidence on both sides of the "progress" argument. However, the Court is not quite sure as to what the ALJ means when she says the Child's progress is "commensurate with her cognitive ability." This, at a minimum, suggests that there is some ceiling on the Child's ability to learn. If so, then the Child's limited cognitive ability combined with the fact that the Child has not achieved any IEP goals over the past five years, gives the Court serious pause. The Court understands that mastery of goals is not determinative in finding that a Child has received educational benefit, *Rowley*, 458 U.S. at 198, but evidence that the Child has made some minimal improvement does not translate into a finding that the School Board has necessarily satisfied the *Rowley* standard. *Hall v. Vance County Board of Education*, 774 F.2d 629, 636 (4th Cir. 1985).

Given the ALJ's conclusion concerning cognitive ability and the fact the Child has been

4

given the same or similar goals over the past five years and has not achieved any of them, the Court requires additional evidence to ascertain whether the program at St. Coletta is "reasonably calculated to enable the Child to receive educational benefits." *Rowley*, 458 U.S. at 207. Particularly, the Court requests that the parties provide witness testimony on the following issues:

1) IEP goals are designed to be goals that the Child can reasonably be expected to achieve in one school year. The record makes clear that the Child has not achieved any of the goals set forth in her annual IEPs over the past five years at St. Coletta. Provide reasons and/or explanations as to the following:

   a) Why hasn't the Child achieved any of the goals or made more progress towards the goals?
   b) In light of the Child's cognitive limitations, are the goals appropriately gauged in relation to the Child's potential?
   c) In light of the Child's cognitive limitations, can the Child be expected to achieve any of the stated goals within the near future?

2) In 1997 Congress amended the IDEA to add a "Purposes" section. The stated purpose of the Act is "to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and *independent living*." 20 U.S.C. § 1400(d)(1)(A) (emphasis added). Given the fact that the Child is 15 years old and has yet to achieve some of the basic goals necessary for independent living, is the program at St. Coletta narrowly tailored to provide the Child with the type of benefit that is consistent with the stated purpose of IDEA? Specifically, is the program at St. Coletta designed to ensure that the skills acquired through the program are transferrable to other environments?

3) In light of the foregoing issues, provide an assessment of the Child's four-week experience at Benedictine, and the potential Benedictine may have on the Child's attainment or non-attainment of necessary goals.

The Court is mindful of the time sensitive nature of this matter. As such, the Court will set the matter down for an evidentiary hearing on September 10, 2007 at 2:00 pm. The parties are asked

to produce 2-3 witnesses, and will be provided 60-90 minutes to put on testimony related to the issues described above. The Court has reviewed the entire record, including the parties' briefs, the administrative transcript and decision, and exhibits. The parties need not provide the Court with background information or evidence that is already in the record before the Court. Instead, the Court is requesting evidence to supplement the record in the areas described above. *See Springer by Springer v. Fairfax County Schoolboard*, 134 F.3d 659, 667 (4th Cir. 1998) (explaining that "additional" evidence means supplemental evidence, not repetition or embellishment of prior hearing testimony). The Court will reserve ruling on the pending cross motions until after the Court has supplemented the record with additional evidence. A separate Order consistent with this Memorandum Opinion will follow.

August 27, 2007                                                                          /s/
Date                                                                          Alexander Williams, Jr.
                                                                              United States District Court